ELIZABETH R. SMART, by her next friend, *vs.* COMSTOCK.

Where money belonging to a married woman and which has never been in her husband's possession, is lent by her, with his assent, and a promissory note given to her for the amount, she may maintain an action thereon without joining her husband as co-plaintiff.

Where a female, prior to her marriage, comes into the possession of money, which she invests, and after her marriage she keeps the same in the form of a chose in action, payable to her, with the express consent of her husband, it remains her property, and an action upon the security is properly brought in her name alone.

APPEAL from a judgment entered at a special term. The action was brought upon a promissory note for $100, made by the defendant on the 1st of May, 1849, and payable to the plaintiff, Elizabeth R. Smart, or order, on demand. The complaint alleged that the plaintiff was the lawful owner and holder of the note, and that the defendant was indebted to her thereupon. The answer contained a general denial of the allegations in the complaint. The evidence established the making of the note, and that the plaintiff was, at the date thereof, a *feme covert*, and that her husband, Benjamin Smart, is still living; that she was married prior to 1848, and that the consideration of the note was money lent by the plaintiff to the defendant, and which money had never been used by her husband, but had been kept by her as her separate property. Judgment was given for the defendant, and the plaintiff appealed.

*E. M. Swift,* for the appellant.

*Nelson & Pultz,* for the respondent.

S. B. STRONG, J. At common law, and previous to the passage of our statute for the more effectual protection of the property of married women, (*Act of April 7, 1848,*) the husband was entitled to the personal property (including the choses in action) of the wife at the time of their marriage or acquired in her behalf during their joint lives. He might, however, deprive himself of such right by an agreement before marriage, or a waiver in favor of the wife afterwards. He might, if he chose, allow the wife to retain or have as her separate estate what had

been given to her by others, or, (except as to his creditors,) by himself. If under such an arrangement or understanding he had received any of such personal estate or its avails, it would have been as her trustee, and she could not have lost her interest in or control of the property. The principle that such reception did not alter the wife's right was recognized by Chancellor Walworth in *Partridge* v. *Haven*, (10 *Paige*, 618 ;) by this court in *Merritt* v. *Lyon*, (3 *Barb. S. C. R.* 110,) and by the court of appeals in the last mentioned case, on an appeal from a decision in it made subsequent to that in the 3d of Barbour and somewhat in conflict with it, although it was not intended to overrule it, as assumed by my associates. In the case under consideration the money had been given to the plaintiff before her intermarriage, by her father, or it had been distributed to her as one of his next of kin. She had always had the control and management of it as her private property for her own use ; and that she had done so pursuant to an arrangement with her husband, or at any rate with his consent, is clearly inferrible from the fact that he drew the note and made it payable to her. The transaction is entirely clear of any charge of fraud, and involves simply a question of right between husband and wife, raised by a third person, and evidently without the connivance of either. The case steers clear of the exception in the 3d section of the act of April 11, 1849, amending the act of 1848, as the money was not given to the wife by the husband, but she had been allowed by him to retain what she had derived from her father's estate. The 2d section of the act of 1848, as there is no pretense of any violation of the previously acquired rights of the husband, and his creditors are not concerned, is applicacable to this instance ; and according to the cases under the two statutes for the protection of the property of married women, she can maintain this suit without joining her husband as co-plaintiff.

It is unnecessary to consider whether, as independent of those statutes, the husband and wife might have jointly sued on this note, the non-joinder of the husband would have been fatal to the suit. That the action might have been maintained at com-

Smart *v.* Comstock.

mon law in their joint names seems to have been settled in *Nash* v. *Nash*, (2 *Mad. Ch. C.* 133,) which is quoted with approbation by *Clancy*, (*p.* 7,) in his admirable work on the rights of married women.

The judgment at the special term should be reversed, and there should be a new trial, costs to abide the event of the suit.

BIRDSEYE, J. If the money for which the note in suit was given, belonged to the plaintiff at her marriage and was then in her possession, it was by the marriage given to and became the property of the husband. The marriage operated as a gift of it to the husband. (2 *Kent*, 143. *Clancy's Rights of Mar. Women*, 2, 3, 8*th ed.*) But if instead of being at that time in the form of money, it was then invested upon contract, as by note, or bond and mortgage; or if it was otherwise a chose in action, then the husband's right thereto, instead of being, as in the other case, absolute, was only limited and qualified. He must reduce them into possession, before they become his absolutely. But he is not compelled to reduce them to his possession. It is optional with him, whether to do so or not; certainly as to the debtor, whatever may be the rule as to his own creditors. The testimony in this case is consistent with the fact that the wife had received this money prior to the marriage, and had invested it, and had kept it ever since in the form of a chose in action, with the express consent of the husband. If so, it was still her property. And this action was properly brought in her name. Instead of rendering judgment for the defendant absolutely, without passing upon the point specifically, this fact should have been found one way or the other; and the judgment would have followed, for the plaintiff, if it appeared that the husband had omitted to reduce the chose in action to his possession.

The judgment should be reversed and a new trial granted, with costs to abide the event.

EMOTT, J., concurred.                    New trial granted.

[KINGS GENERAL TERM, January 13, 1857. *S. B. Strong, Emott* and *Birdseye*, Justices.]